FTC   1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, )
)
Plaintiff, )
)
vs. )
)
BLUEHIPPO FUNDING, LLC, )
)
and )
)
BLUEHIPPO CAPITAL, LLC, )
)
Defendants. )



JUDGE CROTTY

08 CV 1819

CIVIL NO.

RECEIVED
FEB 22 2008
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT FOR INJUNCTIVE AND
OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), through its

undersigned attorneys, for its Complaint alleges:

1.      Plaintiff brings this action under Sections 5(a)(1), 13(b), and 19 of the Federal

Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 53(b), and 57b; the Commission's

Trade Regulation Rule Concerning the Sale of Mail or Telephone Order Merchandise (the "Mail

Order Rule"), 16 C.F.R. Part 435; the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C.

§§ 1693-1693r, and its implementing Regulation E, 12 C.F.R. Part 205; and the Truth In Lending

Act ("TILA"), 15 U.S.C. §§1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226,

to secure injunctive and other equitable relief against defendants for engaging in unfair or

deceptive acts or practices in violation of the FTC Act, the Mail Order Rule, EFTA and

Regulation E, and TILA and Regulation Z.

Page 1 of 13

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337(a), and under 15 U.S.C. §§ 45(a), 53(b) and 57b.

3.      Venue in the Southern District of New York is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## THE PARTIES

4.      Plaintiff Federal Trade Commission is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC may initiate federal district court proceedings by its own attorneys to enjoin violations of the FTC Act and secure appropriate equitable relief, including restitution and other equitable relief for injured consumers. 15 U.S.C. § 53(b).

5.      Defendant BlueHippo Funding, LLC ("BHF") is a Maryland limited liability company with its office and principal place of business at 7000 Security Blvd., Baltimore, Maryland 21244.  BHF is a retail lender licensed in 2001 by the State of Maryland to make retail loans to consumers.  BHF transacts or has transacted business in the Southern District of New York.

6.      Defendant BlueHippo Capital, LLC ("BHC") is a Virginia limited liability company with its office and principal place of business at 7000 Security Blvd., Baltimore, Maryland 21244.  BHC transacts or has transacted business in the Southern District of New York.

## COMMERCE

7.     The acts and practices of defendants alleged in this Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' COURSE OF CONDUCT

8.     Since at least June 2003, defendants have marketed and sold high-end consumer electronics, including personal computers and plasma televisions, to consumers with poor or no credit. Defendants purport to extend credit to the consumers to finance the purchase of products through low periodic payments. Defendants do not maintain inventory or ship merchandise directly to consumers. Defendants order merchandise from third-party vendors to be shipped directly to consumers once the consumers have met the requirements for delivery.

9.     Defendants nationally advertise the products that they finance on their Internet website, www.bluehippofunding.com, and in television and radio commercials disseminated throughout the United States.

10.     An illustrative radio advertisement by defendants states:

> Do you want to own a computer but have less than perfect credit, bad credit, no credit? No problem. If you have a checking account, a home phone and can afford a weekly payment of just $35 for only 12 months, BlueHippo Funding says you're approved, guaranteed.

> You heard right. You're approved for a brand new, name brand computer for as little as $35 for just 12 months. Call 1-800-700-8188. All credit is accepted, so you will not be turned down. If you have a checking account, a home phone and can afford a weekly payment of $35 for only 12 months, you're already approved, guaranteed.

11.     Defendants also have disseminated or have caused to be disseminated advertisements and information on the website for defendants' products, including but not limited to the following:

Q: How does this program work?

A: It's simple. Instead of checking your credit, and measuring you based on your credit history, all we ask is that you pay just $99 down and make 13 weeks worth of payments. Once those payments have been made, and we have received the required signed paperwork (which is sent out to you right after your order has been processed), your computer will be shipped out to your home via FedEx or UPS. Then you continue making payments until the computer is paid off.

12.    The vast majority of defendants' customers order defendants' products by calling a toll-free telephone number provided in their television and radio commercials and listed on defendants' website. Consumers can also order directly from the website. When consumers call defendants' toll-free telephone number or place orders on the website, defendants typically promise consumers that defendants will have the consumer electronics product delivered directly to consumers as soon as they have made 13 required weekly payments. Defendants collect consumers' mailing addresses, employment information and bank account information from which the consumers' payments will be made by automatic debiting.

13.    Defendants set up payment plans for consumers whereby they are required to pay defendants a down payment ranging from $99 to $124 by automatic debiting from their bank accounts. Thereafter, according to the payment plan, defendants debit periodic, weekly or bi-weekly payments from the consumers' bank accounts, ranging from $36 to $88. In numerous instances, defendants do not disclose to consumers the applicable finance terms before they debit consumers' accounts.

14.    In numerous instances, defendants debit consumers' bank accounts on the same day or shortly after they take the consumers' telephone orders, and continue such debits according to the payment plan, before obtaining consumers' written authorization.

Page 4 of 13

15.    When consumers call defendants' toll-free telephone number and order consumer electronics, defendants tell consumers that they will soon receive a "shipping verification form" setting forth the terms of the sale and shipment information, and that consumers are required to sign and return the form to defendants in order to ensure delivery of their products. Defendants' shipping verification form contains material terms that, in numerous instances, previously were not disclosed to consumers, including disclosures regarding the applicable finance terms.

16.    In numerous instances, defendants fail to provide shipping verification forms and revolving account agreements to consumers before defendants have debited one or more payments from consumers' bank accounts, and thus fail to timely disclose the applicable finance terms and refund policy contained in these documents.

17.    Before March 2006, defendants had a strict policy of not refunding any payments to consumers who ceased to make payments, regardless of how much the consumer had paid to BHF, regardless of whether BHF or the consumer was the breaching party, and regardless of whether or not BHF had ordered the merchandise from a third-party vendor. As a result, numerous consumers paid defendants from $99 to several hundred dollars and received no merchandise in return.

18.    In numerous instances, BHF failed to clearly and conspicuously disclose this policy to consumers before debiting consumers' accounts. As a result, numerous consumers did not have the opportunity to make a timely and informed decision about whether or not to risk the potential loss of up to several hundred dollars in advance payments. In numerous instances, consumers could only avoid making continued non-refundable payments by forfeiting the payments they had already made.

19.    Defendants typically represent that consumers will receive their products after a specified number of periodic debits, but in numerous instances defendants do not ship the products to consumers in the time promised.  In numerous instances, defendants provide consumers with a new shipment date, but fail to ship by the newly promised date.

20.    Defendants do not send delay notices to consumers when they are unable to ship the consumers' products on the dates promised, and defendants do not offer consumers the option of cancelling their orders and receiving refunds.  Defendants instead tell consumers who ask to cancel their transactions and receive refunds that their payments are non-refundable.  In numerous instances, defendants deliver the products many weeks or months after the delivery was promised to consumers.  In numerous instances, consumers who ordered their products before March 2006 did not receive timely delivery and ceased making payments.  Defendants did not ship any merchandise or provide any refund to such consumers

## COUNT ONE

21.    In connection with the marketing, offering for sale, or sale of consumer electronics, including personal computers and televisions, defendants have represented, expressly or by implication, that purchasers of defendants' products who make the required periodic payments would receive the items purchased within the times stated by defendants.

22.    In truth and in fact, in numerous instances, purchasers of defendants' products who make the required periodic payments do not receive the items purchased within the times stated by defendants.  Therefore, the representation set forth in Paragraph 21 was and is false and misleading, and constitutes a deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## COUNT TWO

23.     In numerous instances, in connection with the marketing, offering for sale, or sale of consumer electronics, including personal computers and televisions, defendants fail to disclose to consumers until after defendants have debited one or more payments from consumers' bank accounts, that their payments are not refundable, even if consumers never receive the ordered product.

24.     Defendants' practice set forth in Paragraph 23 causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or competition.

25.     Defendants' practice set forth in Paragraph 23 is an unfair practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## THE MAIL ORDER RULE

26.     The Mail Order Rule was promulgated by the Commission on October 22, 1975, under the FTC Act, 15 U.S.C. § 41 et seq., and has been in full force and effect since that date. The Commission amended the Rule on September 21, 1993, under Section 18 of the FTC Act, 15 U.S.C. § 57a, and these amendments became effective on March 1, 1994.

27.     The Mail Order Rule applies to orders placed by mail, telephone, facsimile transmission, or the Internet, and it sets forth the obligations of the seller regarding shipment dates and the rights of the consumer to cancel and receive a refund if the seller cannot meet its specified shipment date.

## COUNT THREE

28.     At all times material herein, defendants have engaged in the mail order sale or telephone order sale of personal computer and television products in commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

Page 7 of 13

29.     In numerous instances, in connection with the marketing, offering for sale, or sale of consumer electronics, including personal computers and televisions, defendants have violated the Mail Order Rule by:

      a.     Soliciting orders for the sale of telephone or mail order merchandise when they had no reasonable basis to expect that they would be able to ship some or all of such merchandise within the time stated in the solicitation or, if no time was stated clearly and conspicuously in the solicitation, within fifty (50) days after receipt of a properly completed order, thereby violating 16 C.F.R. § 435.1(a)(1); and

      b.     Providing to the buyer a revised shipping date when they had no reasonable basis for making such representation, thereby violating 16 C.F.R. § 435.1(a)(2).

30.     In numerous instances, in connection with the marketing, offering for sale, or sale of consumer electronics, including personal computers and televisions, having solicited mail orders or telephone orders for merchandise and having received "properly completed order[s]," as that term is defined in Section 435.2(d) of the Mail Order Rule, 16 C.F.R. § 435.2(d), and having been unable to ship some or all of the ordered merchandise to the buyer within the Mail Order Rule's applicable time, as set out in Section 435.1(a)(1) of the Mail Order Rule, 16 C.F.R . § 435.1(a)(1) (the "applicable time"), defendants have violated the Mail Order Rule by:

      a.     Failing, within the applicable time, to provide the buyer a definite revised shipping date and an option either to consent to a delay in shipping or to cancel the order and receive a prompt refund, thereby violating 16 C.F.R. § 435.1(b)(1);

      b.     Failing to offer the buyer a prepaid means of exercising the buyer's options as described in 16 C.F.R § 435.1(b)(1), thereby violating 16 C.F.R. § 435.1(b)(3);

c.  Having received notification from the buyer cancelling the order prior to shipment, failing to deem the order cancelled and to make a prompt refund, thereby violating 16 C.F.R § 435.1(c)(1); and

d.  Having failed, within the applicable time, to offer the buyer an option either to consent to a delay in shipping or to cancel the order and receive a prompt refund, as required by 16 C.F.R § 435.1(b)(1), and also having failed to ship the merchandise within the applicable time, failing to deem the order cancelled and to make a prompt refund, thereby violating 16 C.F.R § 435.1(c)(5).

31.  Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Mail Order Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1). Therefore, defendants' failures to comply with the provisions of the Mail Order Rule, 16 C.F.R. Part 435, as set forth in paragraphs 29 and 30 above, were and are unfair or deceptive acts or practices in violation of the FTC Act.

## THE TRUTH IN LENDING ACT

32.  Defendants are "creditors" offering and/or extending to consumers an "open end credit plan," as these terms are defined in §§103(f) and (i) of TILA, 15 U.S.C.§§ 1602(f) and (i), and §§ 226.2(a)(17) and (20) of Regulation Z, 12 C.F.R. §§ 226.2(a)(17) and (20), and therefore are required to comply with the applicable provisions of TILA and Regulation Z.

33.  Section 127(a) of TILA, 15 U.S.C. § 1637(a), and §§ 226.5(a) and (b) of Regulation Z, 12 C.F.R. §§ 226.5(a) and (b), require a creditor to make certain disclosures in writing in a form that the consumer may keep, to the person to whom credit is to be extended, before the first transaction is made under an open end consumer credit plan.

34.    Section 127(a) of TILA, 15 U.S.C. § 1637(a), and § 226.6 of Regulation Z, 12 C.F.R. § 226.6, provide that before opening any account under an open end consumer credit plan, the creditor shall make required disclosures to the person to whom credit is to be extended, including, but not limited to, the conditions under which a finance charge may be imposed, the method of determining the balance upon which a finance charge will be imposed, the method of determining the amount of the finance charge, including any minimum or fixed amount imposed as a finance charge, each periodic rate that may be used to compute the finance charge, the range of balances to which it is applicable and the corresponding annual percentage rate, the amount of any other charge imposed or an explanation of how it will be determined, and a statement of billing rights.

35.    Section 127(b) of TILA, 15 U.S.C. § 1637(b), and § 226.7 of Regulation Z, 12 C.F.R. § 226.7, require a creditor to provide a periodic statement for each billing cycle in which a finance charge is imposed.

## COUNT FOUR

36.    In numerous instances, in connection with offering and extending consumer credit for the sale of consumer electronics, including personal computers and televisions, defendants have violated the requirements of TILA and Regulation Z by:

a.    Failing to disclose to consumers the required information in writing and before the first transaction is made, including but not limited to: the conditions under which a finance charge may be imposed, the method of determining the balance upon which a finance charge will be imposed, the method of determining the amount of the finance charge, including any minimum or fixed amount imposed as a finance charge, each periodic rate that may be used to compute the finance

charge, the range of balances to which it is applicable, the corresponding annual

percentage rate, the amount of any other charge imposed or an explanation of how

it will be determined, and a statement of billing rights, thereby violating Section

127(a) of TILA, 15 U.S.C. § 1637(a), and Regulation Z, 12 C.F.R. §§ 226.5(a)

and (b) and 226.6(a), (b), and (d); and

b.      Failing to provide an account statement for each billing cycle for which a finance

charge is imposed, thereby violating Section 127(b) of TILA, 15 U.S.C. §

1637(b), and § 226.7 of Regulation Z, 12 C.F.R. § 226.7.

37.      Pursuant to § 108(c) of TILA, 15 U.S.C. § 1607(c), every violation of TILA and

Regulation Z constitutes a violation of the FTC Act.

38.      By engaging in the violations of TILA and Regulation Z set forth in Paragraph 36

above, defendants also have engaged in violations of the FTC Act.

## THE ELECTRONIC FUND TRANSFER ACT AND REGULATION E

39.      Defendants are "persons" as this term is defined in Section 205.2(j) of Regulation

E, 12 C.F.R. § 205.2(j).

40.      Section 913(1) of the EFTA, 15 U.S.C. § 1693k(1), provides that no person may

condition the extension of credit to a consumer on such consumer's repayment by means of

preauthorized electronic fund transfers.

41.      Section 205.10(e)(1) of Regulation E, 12 C.F.R. § 205.10(e)(1) provides that no

financial institution or other person may condition an extension of credit to a consumer on the

consumer's repayment by preauthorized electronic fund transfers, except for credit extended

under an overdraft credit plan or extended to maintain a specified minimum balance in the

consumer's account.

42.     The Federal Reserve Board's Official Staff Commentary to Regulation E, Section 205.10(e)(1)-1, 12 C.F.R. § 205.10(e)(1)-1, Supp. I, provides that creditors may not require repayment of loans by electronic means on a preauthorized recurring basis.

## COUNT FIVE

43.     In numerous instances, in connection with offering and extending consumer credit for the sale of consumer electronics, including personal computers and televisions, defendants have conditioned the extension of credit on mandatory preauthorized transfers, thereby violating Section 913(1) of the EFTA, 15 U.S.C. § 1693k(1), and Section 205.10(e)(1) of Regulation E, 12 C.F.R. §205.10(e)(1).

44.     Pursuant to § 917(c) of the EFTA, 15 U.S.C. § 1693o(c), every violation of the EFTA and Regulation E constitutes a violation of the FTC Act.

45.     By engaging in the violations of the EFTA and Regulation E set forth in Paragraph 43 above, defendants also have engaged in violations of the FTC Act.

## CONSUMER INJURY

46.     Consumers throughout the United States have suffered and continue to suffer substantial monetary loss as a result of defendants' unlawful acts or practices. In addition, defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

47.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act. The Court, in the exercise of its equitable jurisdiction, may award other

ancillary relief, including but not limited to, rescission of contracts and restitution, and the

disgorgement of ill-gotten gains, to prevent and remedy injury caused by defendants' law

violations.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests this Court, pursuant to 15 U.S.C. §§ 45(a)(1), 53(b) and

57b, and to the Court's own equity powers to:

(A)    Enter a permanent injunction to prevent future violations by defendants of the

FTC Act, the Mail Order Rule, TILA and Regulation Z, and EFTA and

Regulation E;

(B)    Award such equitable relief as the Court finds necessary to redress injury to

consumers resulting from defendants' violations of the FTC Act, including, but

not limited to, rescission of contracts and restitution, and the disgorgement of

ill-gotten gains by defendants; and

(C)    Award the plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

Dated: _____

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

Thomas A. Cohn
Director, Northeast Region

*s/ Carole Paynter*

Carole A. Paynter (CP 4091)
Robin E. Eichen (RE 2964)
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829 (telephone)
(212) 607-2822 (facsimile)

FTC   2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 0 2008

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08 CV 1819 (PAC) |
| BLUEHIPPO FUNDING, LLC, | ) |
| and | ) |
| BLUEHIPPO CAPITAL, LLC | ) |
| Defendants. | ) |

## STIPULATED FINAL JUDGMENT AND ORDER
## OF PERMANENT INJUNCTION

Plaintiff, Federal Trade Commission, having commenced this action pursuant to Sections 5(a)(1), 13(b), and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a)(1), 53(b), and 57(b), the Commission's Trade Regulation Rule Concerning the Sale of Mail or Telephone Order Merchandise, 16 C.F.R. Part 435, the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693-1693r, and its implementing Regulation E, 12 C.F.R. Part 205, and the Truth-In-Lending Act, 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226; and having filed its Complaint for a permanent injunction and other relief in this matter, including consumer redress; and the parties having agreed to the settlement of this action upon the following terms and conditions:

### NOW, THEREFORE, IT IS HEREBY ORDERED,
### ADJUDGED AND DECREED AS FOLLOWS:

### Findings

1.     This Court has jurisdiction of the subject matter of this case and venue is proper in this District.

2.     The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a)(1), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 53(b), and 57(b), the Commission's Trade Regulation Rule Concerning the Sale of Mail or Telephone Order Merchandise (the "Mail Order Rule"), 16 C.F.R. Part 435, the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r, and its implementing Regulation E, 12 C.F.R. Part 205, and the Truth-In-Lending Act ("TILA"), 15 U.S.C. §§1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226.

3.     Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

4.     Defendants have agreed that this Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

5.     Entry of this Order is in the public interest.

6.     By entry into this Order, Defendants do not admit to the allegations of the Complaint, other than jurisdictional facts.

### Definitions

For purposes of this permanent injunction, the following definitions shall apply:

1.     "Plaintiff" means the Federal Trade Commission.

2.     "Defendants" means BlueHippo Funding LLC, BlueHippo Capital LLC, and their successor or assigns, by whatever names they might be known.

3.     "Document" is synonymous in meaning and equal in scope to the usage of the

term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts,

photographs, audio, and video recordings, computer records, Internet sites, Web pages, web

sites, electronic correspondence, including e-mail and instant messages, and other data

compilations from which the information can be obtained and translated, if necessary, through

detection devices into reasonably usable form.  A draft or non-identical copy is a separate

document within the meaning of the term.

     4.     "Eligible Purchaser" means any person who has made any payment to

Defendants, directly or through any other entity, on or before February 28, 2006, related to the

purchase of a computer, and who has not received the computer, nor a full refund of or

restitution for such payments pursuant to any other Order, Voluntary Assurance or other

Settlement entered into by the Defendants with any person or entity.

     5.     "Material" means likely to affect a person's choice of, or conduct regarding,

goods or services.

     6.     "Covered Products" means any consumer electronics product and any other

product for which Defendants require four or more periodic payments before shipping the

product.

## I.

## PROHIBITED MISREPRESENTATIONS AND FAILURES TO DISCLOSE

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing,

offering for sale, or sale of Covered Products in commerce, Defendants, and their officers,

agents, servants, independent contractors, salespersons, employees, attorneys, corporations,

subsidiaries, affiliates, divisions, limited liability companies, sales entities, related entities and all

other persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any

trust, corporation, subsidiary, division, or other device, including but not limited to fictitious

business names, are hereby permanently restrained and enjoined from:

    A.    Making any express or implied representation of material fact that is false or

        misleading, in any manner, orally or in writing, to any consumer or entity,

        including but not limited to, misrepresenting that purchasers of Covered Products

        who make the required periodic payments would receive the Covered Products

        purchased within the times stated by Defendants;

    B.    Making any representation regarding any refund, cancellation, exchange or

        repurchase policy without disclosing clearly and conspicuously, prior to receiving

        any payment from customers all material terms and conditions of any refund,

        cancellation, exchange or repurchase policy, or if there is a policy of not making

        any refunds, cancellations, exchanges, or repurchases whatsoever, a statement

        informing the customer of such policy, prior to receiving any payment from

        customers; and

    C.    Failing to disclose clearly and conspicuously, prior to receiving any payment from

        consumers, any policy of not refunding all payments if requested by the consumer

        prior to delivery of the offered product or service.

## II.

## PROHIBITION AGAINST VIOLATING THE MAIL ORDER RULE

    **IT IS FURTHER ORDERED** that, in connection with the advertising, marketing,

offering for sale, or sale of products or services in commerce, Defendants, and their officers,

agents, servants, independent contractors, salespersons, employees, attorneys, corporations,

subsidiaries, affiliates, divisions, limited liability companies, sales entities, related entities, and

all other persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or through any

trust, corporation, subsidiary, division, or other device, including but not limited to fictitious

business names, are hereby permanently restrained and enjoined from violating any provision of

the Mail Order Rule, 16 C.F.R. Part 435, a copy of which is attached hereto as Appendix A and

incorporated herein as if fully set forth verbatim, as it is currently promulgated or may be

hereafter amended.

### III.

### PROHIBITION AGAINST VIOLATING THE
### TRUTH IN LENDING ACT AND REGULATION Z

**IT IS FURTHER ORDERED** that, in connection with the offering or extension of

credit in commerce, pursuant to a plan or arrangement which is subject to the TILA, 15 U.S.C.

Section 1601-1666 and its implementing Regulation Z, 12 CFR Part 226, Defendants, and their

officers, agents, servants, independent contractors, salespersons, employees, attorneys,

corporations, subsidiaries, affiliates, divisions, limited liability companies, sales entities, related

entities, and all other persons or entities in active concert or participation with any of them, who

receive actual notice of this Order by personal service or otherwise, whether acting directly or

through any trust, corporation, subsidiary, division, or other device, including but not limited to

fictitious business names, are hereby permanently restrained and enjoined from violating any

provision of the TILA, 15 U.S.C. §§1601-1666j, and its implementing Regulation Z, 12 C.F.R.

Part 226, a copy of which is attached hereto as Appendix B, and incorporated herein as if fully

set forth verbatim, as it is currently promulgated or may be hereafter amended, including, but not

limited, to:

A.    In connection with the offering or extension of credit, pursuant to an open end plan or arrangement:

      1.    Failing to disclose to consumers the required information in writing and before the first transaction is made, including but not limited to: the conditions under which a finance charge may be imposed, the method of determining the balance upon which a finance charge will be imposed, the method of determining the amount of the finance charge, including any minimum or fixed amount imposed as a finance charge, each periodic rate that may be used to compute the finance charge, the range of balances to which it is applicable, the corresponding annual percentage rate, and a statement of billing rights, 15 U.S.C. §127(a), 12 C.F.R. §§226.5(a)-(b), 226.6 (a) and (d); and

      2.    Failing to provide an account statement for each billing cycle for which a finance charge is imposed, 15 U.S.C. § 127(b), 12 C.F.R. §226.7;

B.    In connection with the offering or extension of credit , pursuant to a close end plan or arrangement, failing to make the following disclosures clearly and conspicuously in writing, in a form that the consumer may keep:

      1.    Failing to disclose the amount financed, using that term, and a brief description such as *the amount of credit provided to you or on your behalf.* The amount financed is calculated by:

a.     Determining the principal loan amount or the cash price (subtracting any downpayment);

b.     Adding any other amounts that are financed by the creditor and are not part of the finance charge; and

c.     Subtracting any prepaid finance charge;

2.     The number, amounts, and timing of payments scheduled to repay the obligation.

a.     In a demand obligation with no alternate maturity date, the creditor may comply with this paragraph by disclosing the due dates or payment periods of any scheduled interest payments for the first year.

b.     In a transaction in which a series of payments varies because a finance charge is applied to the unpaid principal balance, the creditor may comply with this paragraph by disclosing the following information:

(1)     The dollar amounts of the largest and smallest payments in the series.

(2)     A reference to the variations in the other payments in the series.

3.     The total of payments, using that term, and a descriptive explanation such as "the amount you will have paid when you have made all scheduled payments"; and

4.      In a credit sale, the *total sale price*, using that term, and a descriptive

explanation (including the amount of any downpayment) such as "the total

price of your purchase on credit, including your downpayment of $__."

## IV.

## PROHIBITION AGAINST VIOLATING THE
## ELECTRONIC FUND TRANSFER ACT AND REGULATION E

**IT IS FURTHER ORDERED** that, in connection with the marketing, offering for sale,

or sale of products or services in commerce, Defendants, and their officers, agents, servants,

independent contractors, salespersons, employees, attorneys, corporations, subsidiaries, affiliates,

divisions, limited liability companies, sales entities, related entities, and all other persons or

entities in active concert or participation with any of them who receive actual notice of this Order

by personal service or otherwise, whether acting directly or through any trust, corporation,

subsidiary, division, or other device, including but not limited to fictitious business names, are

hereby permanently restrained and enjoined from conditioning the extension of credit on

mandatory preauthorized transfers, in violation of the EFTA and its implementing Regulation E,

15 U.S.C. § 913(1); 12 C.F.R. § 205.10(e)(1).

## V.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered in favor of the FTC and against Defendants in the

amount of up to Five Million Dollars ($5,000,000.00) *provided*, that this

judgment shall be satisfied pursuant to the Defendants' full compliance with the

conditions set forth in Part VI of this Final Order.  If, upon motion by the

Commission, the Court finds that Defendants failed to fully comply with those

conditions, the monetary judgment will be deemed unsatisfied and the entire

judgment amount will be immediately due and payable, less any amounts

Defendants have previously paid.  Should this judgment be modified as to

monetary liability of Defendants, this Final Order in all other respects shall

remain in full force.  Any proceedings instituted under this paragraph shall be in

addition to and not in lieu of any other proceedings the Commission may initiate

in order to enforce this Final Order.

B.    If the Commission, in its sole discretion, determines that redress is wholly or

partially impracticable or funds remain after redress is completed, the

Commission may apply any remaining funds for such other equitable relief

(including consumer information remedies) as it determines to be reasonably

related to the Defendants' practices alleged in the complaint, provided, however,

that in such event, the maximum amount payable by Defendants to the FTC shall

be Three Million Five Hundred Thousand Dollars ($3,500,000).  Any funds not

used for such equitable relief shall be deposited in the United States Treasury as

disgorgement.  The Commission in its sole discretion may use a designated agent

to administer consumer redress.  Defendants acknowledge and agree that this

judgment for equitable monetary relief, as with all other relief provided in this

Order, is solely remedial in nature and is not a fine, penalty, punitive assessment,

or forfeiture.

C.    The Commission shall have full and sole discretion to:

1.    Determine the criteria for participation by individual claimants in any

consumer redress program implemented pursuant to this Order, provided

however, that redress shall be limited to Eligible Purchasers on the

Consumer Database, as hereinafter defined;

2.     Determine the manner and timing of any notices to be given to consumers

regarding the existence and terms of such programs; and

3.     Delegate any and all tasks connected with such redress program to any

individuals, partnerships, or corporations; and pay reasonable fees,

salaries, and expenses incurred thereby from the payments made pursuant

to this Order.

D.     Defendants expressly waive their rights to litigate the issue of disgorgement.

Defendants acknowledge and agree that all money paid pursuant to this Order is

irrevocably paid to the Commission for purposes of settlement between Plaintiff

and Defendants.

E.     Defendants agree that the facts as alleged in the Complaint filed in this action

shall be taken as true in any subsequent litigation filed by the Commission to

enforce its rights pursuant to this Order, including but not limited, to a non-

dischargeability complaint in any bankruptcy proceeding.

## VI.

## REDRESS PROGRAM

**IT IS FURTHER ORDERED** that Defendants shall:

A.     Defendants shall, no later than thirty (30) days following entry of this Order,

provide to the Commission a searchable electronic file (the "Consumer

Database") containing the name and contact information of each Eligible

Purchaser as of the date the Consumer Database is provided to the Commission,

("Current Eligible Purchaser") updated through the National Change of Address

database, the dates and amounts of all payments made by each Current Eligible

Purchaser, the total amount paid by each Current Eligible Purchaser the amount

and date of any refunds provided by Defendants to each Current Eligible

Purchaser, and, to the extent such information is available to Defendants the

amount of any redress paid to each Current Eligible Purchaser pursuant to any

other Order, Voluntary Assurance or other Settlement entered into by Defendants

with any person or entity, accompanied by a sworn affidavit attesting to its

accuracy.

B.     The redress program shall be administered by a Redress Administrator selected by

the FTC.  The Defendants shall have no right to contest the FTC's selection of the

Redress Administrator.  The Consumer Databases will be provided by the FTC to

the Redress Administrator.

C.     The Defendants shall make the following payments to the FTC:

1.     Within five (5) days of entry of this Order, Defendants shall pay to the

FTC by electronic funds transfer the sum of One Million Dollars

($1,000,000).  Six months from the date of entry of this Order, Defendants

shall pay to the FTC by electronic funds transfer the additional sum of

One Million Dollars ($1,000,000).  One year from the date of entry of this

Order, Defendants shall pay to the FTC by electronic funds transfer the

additional sum of One Million Five Hundred Thousand Dollars

($1,500,000), for combined payment in the first year after entry of this

Order of Three Million Five Hundred Thousand Dollars ($3,500,000).

2.     In the event that funds paid by the Defendants pursuant to subpart C(l) of this Part VI are less than the amount claimed by Current Eligible Purchasers to reimburse them for payments made to the Defendants, Defendants shall, eighteen (18) months from the date of entry of this Order, pay to the FTC by electronic funds transfer up to One Million Five Hundred Thousand Dollars ($1,500,000) to cover the difference between the amount claimed by Current Eligible Purchasers and the amount paid by Defendants pursuant to subpart C (1) of this Part VI.

3.     Defendants relinquish all dominion, control, and title to the payments made pursuant to this Part. Defendants shall make no claim to or demand for return of the payments, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of either Defendant, Defendants acknowledge that the payment is not part of the debtor's estate, nor does the estate have any claim or interest.

4.     No portion of the payments made pursuant to this Part shall be deemed a payment of any fine, penalty, or punitive assessment.

D.     In order to secure the payment of the outstanding Two Million Five Hundred Thousand Dollars ($2,500,000) and potential payment of an additional One Million Five Hundred Thousand ($1,500,000) in redress funds as set forth in subpart C(1) and (2) above, Defendants shall, within five (5) days of entry of this Order :

1.     Deliver to the Commission a security interest in all of the assets of the Defendants (the "Collateral") with a value of Four Million Dollars

($4,000,000), substantially in the form of Appendix C hereto, and perform all steps necessary to perfect said security interest.

2.    Within twenty (20) days after the Defendants makes each required payment pursuant to subpart C(1) of this Part VI, the Commission shall, at Defendants' request, release its security interest in the Collateral by an amount equal to the amount of the payment made by the Defendants.

E.    Within twenty (20) days after the Defendants make all required payments, totaling Three Million Five Hundred Thousand Dollars ($3,500,000) under subpart C(1) of this Part VI, the Redress Administrator will calculate the total amount of redress requested by Current Eligible Purchasers and advise the Defendants of this total.  In the event that this total is less than Three Million Five Hundred Thousand Dollars ($3,500,000), the Commission will authorize the release of the security interest in the assets identified in Appendix C, that remain secured as of such date.  In the event that this total is at least Three Million Five Hundred Thousand Dollars ($3,500,000), but less than Five Million Dollars ($5,000,000), the Commission will, after the Defendants make the payment required by subpart C(2) of this Part VI, authorize the termination of the release of its security interest in all of the assets identified in Appendix C, that remain secured as of such date.

## VII.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.    The Commission's agreement to this Final Order is expressly premised upon the truthfulness, accuracy, and completeness of the Defendants' statement and supporting documents related to payments made to Defendants by Eligible Purchasers in the letter dated November 8, 2007 from Linda A. Goldstein, counsel for the Defendants, along with attachments. This letter and supporting documents contain material information upon which the Commission relied in negotiating and agreeing to this Final Order. If, upon motion by the Plaintiff, this Court determines that this letter and supporting documents materially misrepresented the amount of payments made by Eligible Purchasers to Defendants as of the date of this letter, the Court shall:

1.    Enter judgment against Defendants in an amount equal to the amount of payments made by Current Eligible Purchasers to Defendants, less any payments previously made under Section VI and any refunds or other redress payments made to Current Eligible Purchasers, and make an express determination that there is no just reason for delay of entry of judgment. Plaintiff shall retain any funds received pursuant to Section VI, and all interest accrued thereon, in partial satisfaction of this judgment;

2.    Permit Plaintiff to execute upon such judgment immediately and engage in discovery in aid of execution; and

3.    Permit Plaintiff to reopen this matter both to add additional parties and claims pursuant to Rules 14 and 15 of the Federal Rules of Civil

Procedure, and to demonstrate to the Court that additional relief, including additional equitable monetary relief, should be entered by the Court against any or all current or future defendants. Plaintiff shall have the right to engage in reasonable discovery for this purpose.

B.    The Commission's agreement to this Stipulated Order is expressly premised on Defendants taking all of the steps described in Section VI of this Order. If Defendants fail to take any action described in Section VI, and fail to cure such failure within five (5) days of receipt of notice from a representative of the Commission, time being of the essence, the Court shall:

1.    Enter judgment against Defendants in the amount of Five Million Dollars ($5,000,000), and make an express determination that there is no just reason for delay of entry of judgment. Plaintiff shall retain any funds received pursuant to Section VI, and all interest accrued thereon, in partial satisfaction of this judgment;

2.    Permit Plaintiff to (i) execute upon such judgment immediately by drawing upon the security interest and (ii) engage in discovery in aid of execution; and

3.    Permit Plaintiff to reopen this matter both to add additional parties and claims pursuant to Rules 14 and 15 of the Federal Rules of Civil Procedure, and to demonstrate to the Court that additional relief, including additional equitable monetary relief, should be entered by the Court against any or all current or future defendants. Plaintiff shall have the right to engage in reasonable discovery for this purpose.

C.      For the purposes of this Part and any subsequent proceedings to enforce payment,

including but not limited to a non-dischargeability complaint filed in a bankruptcy

proceeding, the Defendants agree not to contest any of the allegations in the

Complaint filed in this action.  *Provided however*, that in all other respects this

Final Order shall remain in full force and effect unless otherwise ordered by the

Court; and *provided further*, that proceedings instituted under this Part are in

addition to, and not in lieu of, any civil or criminal remedies that may be provided

by law, including any other proceedings the Commission may initiate to enforce

this Final Order.

## VIII.

## CESSATION OF COLLECTION ACTIONS

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Discontinue all collection proceedings seeking to collect monies from Current

Eligible Purchasers;

B.      Cease furnishing any derogatory credit reporting information on Current Eligible

Purchasers to any credit reporting agency; and

C.      Notify any such credit reporting agency to which Defendants furnished

derogatory information about an Eligible Purchaser that such person's account is

in good standing.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order,

-16-

A.    Within five (5) days of receipt of written notice from a representative of the Commission, Defendants shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control;

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

    1.    Obtaining discovery from any person, without further leave of court; using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

    2.    Posing as consumers and suppliers to: Defendants' employees, or any other entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice;

C.    Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1).)

## X.

## COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this.

Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order, each Defendant

shall notify the Commission of any changes in its corporate structure or any

business entity that any Defendant directly or indirectly controls, or has an

ownership interest in, that may affect compliance obligations arising under this

Order, including but not limited to a dissolution, assignment, sale, merger, or

other action that would result in the emergence of a successor entity; the creation

or dissolution of a subsidiary, parent, or affiliate that engages in any acts or

practices subject to this Order; the filing of a bankruptcy petition; or a change in

the corporate name or address, at least thirty (30) days prior to such change,

*provided that*, with respect to any proposed change in the corporation about which

any Defendant learns less than thirty (30) days prior to the date such action is to

take place, such Defendant shall notify the Commission as soon as is practicable

after obtaining such knowledge;

B.  One hundred eighty (180) days after the date of entry of this Order, Defendants

shall provide a written report to the FTC, sworn to under penalty of perjury,

setting forth in detail the manner and form in which Defendants have complied

and are complying with this Order.  This report shall include, but not be limited

to:

1.  Any other changes required to be reported under Subparagraph A of this

Paragraph; and

-18-

2.    A copy of each acknowledgment of receipt of this Order, obtained

pursuant to Paragraph XIII;

C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the

Commission to:

> Associate Director
> Division of Enforcement
> Federal Trade Commission
> 601 New Jersey Avenue, N.W.
> Washington, DC 20580
>
> Re: *FTC v. BlueHippo Funding, LLC.*
> Civil Action No.

D.    For purposes of the compliance reporting and monitoring required by this Order,

the Commission is authorized to communicate directly with Defendants.

## XI.

## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, Defendants and their agents, employees, officers, corporations, successors, and

assigns, and those persons in active concert or participation with them who receive actual notice

of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to

create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting the name, address, and telephone number

of each person employed in any capacity by such business, including as an

independent contractor; that person's job title or position; the date upon which the

person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and/or summaries thereof as maintained in the ordinary course of business and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, including Web sites and emails; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph XIII, and all reports submitted to the FTC pursuant to Paragraph XI.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    Defendants must deliver a copy of this Order to each of their principals, officers, directors, and employees in a managerial capacity who have supervisory responsibilities with respect to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon

Defendants.  For new personnel, delivery shall occur prior to them assuming their

responsibilities;

B.     Defendants shall secure a signed and dated statement acknowledging receipt of

the Order, within thirty (30) days of delivery, from each person receiving a copy

of the Order pursuant to this Paragraph.

## XIII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, Defendants shall, within five (5) business days of

receipt of this Order as entered by the Court, submit to the Commission a truthful sworn

statement acknowledging receipt of this Order.

## XIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that, this Court shall retain jurisdiction of this matter for

all purposes.


s/ Carole Paynter
_____
Carole Paynter
Attorney for Plaintiff
Federal Trade Commission


_____
Andrew Campbell, as an officer of
Defendant BlueHippo Funding, LLC


_____
Andrew Campbell, as an officer of
Defendant BlueHippo Capital, LLC

Linda A. Goldstein
Attorney for Defendants
Manatt, Phelps & Phillips LLP

**SO ORDERED**, this _9th_ day of _April_, 2008

UNITED STATES DISTRICT JUDGE

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

-22-

FTC   3

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,
                Plaintiff,

                v.                                    CIVIL NO. 08 CV 1819 (PAC)

BLUEHIPPO FUNDING, LLC,

                and

BLUEHIPPO CAPITAL, LLC,
                Defendants.

**AFFIDAVIT OF JULIE A. MACK IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS
BLUEHIPPO FUNDING, LLC AND BLUEHIPPO CAPITAL, LLC
SHOULD NOT BE HELD IN CONTEMPT
FOR VIOLATING THE STIPULATED FINAL JUDGMENT
AND ORDER OF PERMANENT INJUNCTION**

1.      I am an attorney for the Plaintiff, Federal Trade Commission (the "FTC" or

"Commission"), and am an attorney in connection with the Commission's Motion for Order to

Show Cause Why Defendants Bluehippo Funding, LLC and Bluehippo Capital, LLC Should Not

be Held in Contempt for Violating the Stipulated Final Judgment and Order of Permanent

Injunction (the "Motion to Show Cause"). I have personal knowledge of the facts set forth

below, which are explained more fully in the Commission's supporting memorandum to the

Motion to Show Cause.

2.      Defendants received actual notice of the Stipulated Final Judgment and Order of

Permanent Injunction (the "Final Order"), which is a specific and definite order of this Court.

3.      Defendants failed to submit to the Commission, as is required by Section X.B of the

Final Order, a detailed Compliance Report, sworn to under penalty of perjury, that sets forth the manner and form in which they have complied and are complying with the Final Order. This report was due on October 7, 2008.

4.      Defendants failed to submit to the Commission, as are required by Section IX.B of the Final Order, timely and responsive reports and documents that were requested by the Commission on January 29, 2009 and March 9, 2009 for the purpose of monitoring and investigating compliance with the Final Order. These reports and documents were due on February 5, 2009 and March 16, 2009, respectively. Defendants' response to the January 29, 2009 demand was incomplete. Defendants have yet to respond to the FTC's March 9, 2009 demand.

5.      Defendants failed to provide to the Commission a "sworn affidavit," as is required by Section VI.A of the Final Order, attesting to the accuracy of a Consumer Database to be used by the Commission to determine the pool of consumers entitled to redress under the terms of the Final Order. This affidavit was due on May 12, 2008.

6.      Although Defendants' counsel has represented that they would provide the overdue Compliance Report, complete responses to the requested reports and documents, and a sworn affidavit regarding their Consumer Database to the FTC, to date, they have failed to do so.

7.      I have reviewed the record of complaints lodged against Defendants with the Better Business Bureau of Greater Maryland several times since December 2008. As of April 7, 2009, I have determined that there were over 1,200 complaints received since August 1, 2008. Similarly, I have reviewed the record of complaints lodged with the Commission and determined that there were over 150 complaints received since August 1, 2008.

I declare under penalty of perjury that the statements made in this Affidavit are true and correct.

Executed on April 7, 2009.

_____
Julie A. Mack

FTC   4



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Julie A. Mack

Bureau of Consumer Protection
Division of Enforcement

Direct Dial (202) 326-2312
Facsimile (202) 326-2558
Email: JMACK@FTC.GOV

October 16, 2008

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 790-4545
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

RE:    *FTC v. BlueHippo Funding, LLC, et al.*
Case No. 08-cv-1819 (PAC) (S.D.N.Y. 2008)
Compliance with Stipulated Judgment (April 10, 2008) (the "Order")

Dear Ms. Goldstein:

I am writing to notify you pursuant to Par. VII.B. of the Order of the Defendants' failure to pay the FTC $1 million by October 10, 2008. Further, we still have not received a sworn affidavit attesting to the accuracy of the Consumer Database. Finally, the Defendants have failed to submit a report of their compliance with the Order by October 7, 2008.

Specifically, under Par. VI.C.1. of the Order, the Defendants are to pay One Million Dollars ($1,000,0000) to the FTC by electronic funds transfer within six months entry of the Order. The Order was entered on April 10, 2008; therefore, the $1 million payment was due October 10, 2008.

Further, Par. VI.A. of the Order required that your clients' submission of the Consumer Database be accompanied by a sworn affidavit attesting to its accuracy. We have not received this sworn affidavit in spite of our request in previous correspondence.

Finally, Par. X.B. of the Order requires the Defendants to submit a detailed report, sworn to under penalty of perjury, that sets forth the manner and form in which they have complied and are complying with the Order. This report was due 180 days after the Order was entered, which was October 7, 2008.

Linda A. Goldstein, Esquire
October 16, 2008
Page Two

Your clients' failures may result in further Commission action.

Thank you for your prompt attention to these matters.

Very truly yours,

Julie A. Mack

FTC  5



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Julie A. Mack
Bureau of Consumer Protection
Division of Enforcement

Direct Dial (202) 326-2312
Facsimile (202) 326-2558
Email: JMACK@FTC.GOV

December 1, 2008

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 790-4545
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

RE:   *FTC v. BlueHippo Funding, LLC, et al.*, Case No. 08-cv-1819
      Compliance with Stipulated Judgment (April 10, 2008) (the "Order")

Dear Ms. Goldstein:

I am writing to notify you pursuant to Par. VII.B. of the Order of the Defendants' failure to provide a sworn affidavit attesting to the accuracy of the Consumer Database. Further, the Defendants are now more than one month delinquent in submitting a report of their compliance with the Order. You were previously notified of these deficiencies in correspondence dated October 16, 2008.

Specifically, Par. VI.A. of the Order required that your clients' submission of the Consumer Database be accompanied by a sworn affidavit attesting to its accuracy. This affidavit was due on May 12, 2008, and we have yet to receive it. Further, Par. X.B. of the Order requires the Defendants to submit a detailed report, sworn to under penalty of perjury, setting forth the manner and form in which they have complied and are complying with the Order. This report was due October 7, 2008. You responded to our October 16, 2008 correspondence that you would promptly address this deficiency and further contact me, but more than a month has passed and your clients remain delinquent in the submission of the report. Please be sure to include with your compliance report a copy of each telephone script used by your clients and their employees during calls with consumers since the Order was entered on April 10, 2008.

Thank you for your prompt attention to these matters.

Very truly yours,

Julie A. Mack

FTC   6a



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20580

Division of Enforcement
Bureau of Consumer Protection

January 29, 2009

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 536-1811
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

     Re: *FTC v. BlueHippo Funding, LLC, et al.,* Case No. 08-cv-1819

Dear Ms. Goldstein:

     This letter is to provide written notice of our demand for reports and documents pursuant to Section IX of the Stipulated Final Judgment and Order of Permanent Injunction ("Order") entered on April 10, 2008 in the above-referenced action. As you know, Section IX of the Order authorizes the Commission to obtain reports and documents for the purpose of monitoring and investigating compliance with theorder. Consistent with Section IX, we demand that the following reports and documents be provided within five days of receipt of this letter:

1.     A copy of each telephone script used by the defendants in the above-referenced action during calls with customers since April 10, 2008.

2.     A copy of each document provided to customers who placed orders since April 10, 2008.

3.     A report that includes the following information for each customer who has paid the defendants any amount of money for any product since April 10, 2008:

    a.     The name, address, and telephone number of each customer;

    b.     A description of the product the customer ordered or began making payments for;

    c.     A description of any additional products or rebates the customer was promised in connection with the ordered product;

    d.     The weekly or other incremental payment amount and the total price of the product quoted to the customer when the customer ordered the product;

Linda A. Goldstein, Esquire
January 29, 2009
Page 2

e.  Any delivery or shipment date or time-frame quoted to the customer when the customer placed the order for the product;

f.  The dates and amounts of each payment the customer made towards a product;

g.  The total amount the customer paid for the product and the date the last payment was made;

h.  Whether the defendants have delivered, or have had a third party deliver, any product to the customer;

i.  A description of the product delivered;

j.  The date on which your clients delivered, or had a third party deliver, the product;

k.  A description of any refund policy disclosed to any customer; and

l.  For each customer who requested a refund: (i) the date the request was made; (ii) the date a refund was made; and (iii) the type of refund (i.e., cash or store credit).

4.  A copy of all customer complaints.

5.  All documents relating to the following customers:

a.  Lanaya Bourne of San Carlos, California;

b.  Carol Clebenger of Vienna, West Virginia;

c.  Kimberly Colbert of Shreveport, Louisiana;

d.  Russel Davis of Paris, Texas;

e.  Wendy Foltz of Uhrichsville, Ohio;

f.  Esteban Guerrero of Baltimore, Maryland;

g.  Jennifer Hernandez of Bronx, New York;

h.  Jerry Hicks of Winter Haven, Florida;

i.  Adrienne Hill of Fort Worth, Texas;

Linda A. Goldstein, Esquire
January 29, 2009
Page 3

       j.       Jeana Howard of Hot Springs, Arkansas;

       k.       Lynn Lappegard of Plymouth, Wisconsin;

       l.       April McDaniel of Philadelphia, Pennsylvania;

       m.      Jerome Morris of Huntsville, Alabama;

       n.       Erica Nuno of Bethleham, Pennsylvania;

       o.       Jeannette Reid of Phoenix, Arizona;

       p.       Jesusita Sandoval of Spring Branch, Texas;

       q.       Carli Scott of Norwalk, California;

       r.       Tracy Taylor of Philadelphia, Pennsylvania; and

       s.       Dorothy Vance of Georgetown, Pennsylvania.

Further, as you know, Section X of the Order required you to submit by October 7, 2008, a detailed report, sworn to under penalty of perjury, setting forth the manner and form in which your clients have complied and are complying with the Order. As we have informed you on several occasions, most recently via e-mail dated today, we have yet to receive such a report.

Please send the requested reports and documents to me at the Division of Enforcement, Federal Trade Commission, 600 Pennsylvania Ave., N.W., NJ 2122, Washington, D.C. 20580. If you have any questions regarding this demand, please call me at 202-326-2312 or Malini Mithal at 202-326-2972.

Sincerely,

Julie A. Mack

FTC 6b

012909 Email to Linda Goldstein re compliance report.txt

From: Mack, Julie
Sent: Thursday, January 29, 2009 11:56 AM
To: 'Goldstein, Linda'
Cc: Mithal, Malini
Subject: RE: BlueHippo

Dear Ms. Goldstein:

That you for your email regarding the status of the BlueHippo compliance report.
The compliance report was due on October 7, 2008. While we appreciate any efforts
to expedite its belated production, we cannot consent to any further delay when the
report is already more than three months late.

Julie A. Mack
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-2122
Washington, DC  20580
Tel:  (202) 326-2312
Fax: (202) 326-2558
Email:  jmack@ftc.gov
-----Original Message-----
From: Conte, Mary Ella [mailto:MConte@manatt.com] On Behalf Of Goldstein, Linda
Sent: Friday, January 23, 2009 10:16 AM
To: Mack, Julie
Cc: Goldstein, Linda
Subject: BlueHippo

Dear Judy:

I did want to confirm to you that we are working on a compliance report
on behalf of our client BlueHippo. We apologize for the delay. As you
may know they have been involved in litigation on several fronts which
has put a strain on their limited resources.  We hope to have the report
to you within the next few weeks and I will keep you updated at the end
of next week.

Linda A. Goldstein, Esq.
Manatt Phelps & Phillips LLP
Seven Times Square
New York, New York  10036
Tel. 212-790-4544
Fax. 212-536-1811
lgoldstein@manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents,
files or previous e-mail messages attached to it, may contain
confidential information that is legally privileged. If you are not the
intended recipient, or a person responsible for delivering it to the
intended recipient, you are hereby notified that any disclosure,
copying, distribution or use of any of the information contained in or
attached to this message is STRICTLY PROHIBITED. If you have received
this transmission in error, please immediately notify us by reply e-mail
at lgoldstein@manatt.com or by telephone at (212) 790-4544, and destroy
the original transmission and its attachments without reading them or
saving them to disk. Thank you.

###############################################################################
#
IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued
treasury regulations, we inform you that any U.S. tax advice contained in this

012909 Email to Linda Goldstein re compliance report.txt
communication (including any attachments) is not intended or written by us, and
cannot be used by you, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another person any
transaction or matter addressed herein. For information about this legend, go to
http://www.manatt.com/circ230
######################################################################
#

FTC   7



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Julie A. Mack
Attorney
Bureau of Consumer Protection
Division of Enforcement

Direct Dial (202) 326-2312
Facsimile (202) 326-2558
Email: jmack@ftc.gov

February 19, 2009

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 790-4545
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

RE:    *FTC v. BlueHippo Funding, LLC, et al.*
       Case No. 08-cv-1819 (PAC) (S.D.N.Y. 2008)
       Response to January 29, 2009 correspondence (the "Demand Letter")

Dear Ms. Goldstein:

I have received your response to our Demand Letter. While we are in the process of reviewing the materials you submitted, it is apparent that your response fails to include the following: a report that provides certain detailed information for each customer who paid the defendants any amount of money for any product since April 10, 2008, and a copy of all customer complaints since April 10, 2008. These materials were specifically sought in the Demand Letter at numbered paragraphs 3 and 4. Pursuant to Section IX of the Stipulated Final Judgment and Order of Permanent Injunction, please provide the report and a copy of all customer complaints immediately.

Your response again references your clients' failure to provide a compliance report, which was due October 7, 2008, more than four months ago. As I have previously written, we do not consent to further delay in producing the report.

Thank you for your prompt attention to these matters.

Very truly yours,

Julie A. Mack

FTC   8



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Consumer Protection
Division of Enforcement

Laureen Kapin
Senior Staff Attorney

Direct Dial:
(202) 326-3237

March 9, 2009

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 790-4545
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

      Re: *FTC v. BlueHippo Funding, LLC, et al.*, Case No. 08-cv-1819

Dear Ms. Goldstein:

      Your clients' failure to provide a Compliance Report, now five months overdue, and failure to provide a sworn affidavit verifying the accuracy of its Consumer Database raises serious concerns. In addition, we have identified several deficiencies in your clients' response to our January 29, 2009 Demand Letter (Requests 1-5). Finally, we write to provide written notice of our demand for additional reports and documents (Requests 6-10) pursuant to Section IX of the Stipulated Final Judgment and Order of Permanent Injunction ("Order") entered on April 10, 2008 in the above-referenced action.

      First, we have repeatedly notified you concerning your clients' failure to comply with Section X of the Order which required submission by October 7, 2008, of a detailed report, sworn to under penalty of perjury, setting forth the manner and form in which your clients have complied and are complying with the Order. We have also repeatedly notified you of your clients' failure to comply with Par. VI.A. of the Order which required that your clients' submission of the Consumer Database be accompanied by a sworn affidavit attesting to its accuracy. This affidavit was due on May 12, 2008 but we have yet to receive it. As previously stated, we do not consent to your clients' delay in providing either item. Please submit your clients' compliance report and sworn verification.

      Second, your client must remedy several deficiencies in response to our January 29, 2009 Demand Letter. Our February 19th letter already alerted you to your clients' complete failure to respond to Requests 3 and 4 seeking a report that includes specified information "for each customer who has paid the defendants any amount of money for any product since April 10, 2008" and a copy of all customer complaints since April 10, 2008. We still have not received

Linda A. Goldstein, Esquire
March 9, 2009
Page 2

these materials. In addition, based on our review of recent complaints, the documents submitted
in response to our Requests 1 and 2 also are deficient in that they are outdated and incomplete.
Specifically, the telephone scripts provided in response to Request 1 do not appear to be a
complete copy of **each** telephone script used by Defendants since April 10, 2008. Indeed, the
scripts themselves date back to August 2007. Moreover, they reference a lower number of
minimum consecutive payments than that reflected in recent complaints. Further, Request 2,
demanded a copy of **each** document provided to customers who placed orders since April 10,
2008. You describe the few documents provided as "representative sample copies" however, our
Request 2 was not for "representative sample copies," it was for **each** document provided to
customers who placed orders since April 10, 2008. Please provide a complete and updated
response to both our Requests 1 and 2. Furthermore, Request 5(s) requested that your clients
provide all documents relating to Dorothy Vance of Georgetown, Pennsylvania. Instead, you
sent a duplicate of documents relating to Wendy R. Foltz, which we requested at Demand 5(e).
Please forward all documents relating to Dorothy Vance.

Finally, we demand additional information pursuant to Section IX of the Order which
authorizes the Commission to obtain reports and documents for the purpose of monitoring and
investigating compliance with the order. Consistent with Section IX, we demand that the
following additional reports and documents be provided within five days of receipt of this letter:

6.    Provide a report that identifies each customer, since April 10, 2008, who paid the
      minimum number of consecutive payments represented by Defendants to entitle them to
      shipment of a computer and also provides the following information for each customer:

      a. the date of the last consecutive minimum payment;
      b. the date(s) Defendants sent customers a Sales Order Form and Retail Installment
         Contract ("Second Set of Agreements");
      c. the date Defendants received any Second Set of Agreements, with or without
         deficiencies;
      d. the date Defendants received the fully completed Second Set of Agreements;
      e. the date Defendants ordered the computer offered to each customer; and
      f. the date Defendants sent each customer their computer.

7.    A report that includes the following information for each customer offered any computer
      rebate by Defendants since April 10, 2008:

      a. the identity of each customer to whom Defendants offered computer rebates;
      b. the identity of each customer who received a computer rebate;
      c. the dates that each customer received the rebate; and
      d. the amount of rebate that each received.

Linda A. Goldstein, Esquire
March 9, 2009
Page 3

8.   A report that includes the following information for each customer offered a "bonus" or
     "free gift" ("gifts") by Defendants since April 10, 2008:

     a. the identity of each customer to whom Defendants offered gifts (including but not
        limited to color printers, televisions, MP3 players, digital cameras and gas rebates);
     b. a description of all gifts actually received by each customer; and
     c. the dates that each customer received their gift.

9.   A report that includes the following information with respect to Defendants' report of
     any customer payment history to any credit bureaus since April 10, 2008:

     a. the identity of each customer for whom Defendants have reported information to
        any credit bureau;
     b. the date[s] that Defendants reported the customer information;
     c. the identity of the credit bureau[s] to whom Defendants reported the customer credit
        information; and
     d. a description of the type of credit information that Defendants reported to any credit
        bureau.

10   With regard to the BlueHippo Foundation, identify who manages the Foundation and
     identify per year, the total amount of money, goods, scholarships or products collected by
     BlueHippo Foundation for year 2007, 2008 and 2009 to date.

     Your clients' failure to submit its Compliance Report, failure to verify its Consumer
Database, and deficient response to our January 29, 2009 Demand Letter violates the 2008
Order.  Please send the delinquent information immediately and the requested reports and
documents within five days of receipt to me at the Division of Enforcement, Federal Trade
Commission, 601 Pennsylvania Ave., N.W., NJ 2215, Washington, D.C.  20001.   If you have
any questions regarding this demand, please call me at 202-326-3237 or Julie Mack at (202)
326-2312.

                              Sincerely,

                              Laureen Kapin
                              Laureen Kapin

FTC  9

```
           101608 Email from Linda Goldstein re compliance report.txt
From: Goldstein, Linda [LGoldstein@manatt.com]
Sent: Thursday, October 16, 2008 9:23 PM
To: Mack, Julie
Subject: RE: FTC v. BlueHippo Funding, LLC, et al.

Julie, I will check ASAP on the payment. WIth regard to the compliance report,
normally we receive a letter in advance from the COmmission advising what they would
like included in the compliance report and i had anticipated receiving one in this
case. We will get on the compliance report immediately and i will contact you to
agree to a date certain.


_____


From: Mack, Julie [mailto:JMACK@ftc.gov]
Sent: Thu 10/16/2008 4:51 PM
To: Goldstein, Linda
Subject: FTC v. BlueHippo Funding, LLC, et al.


Ms. Goldstein:


Please see letter attached.  Thank you.



Julie A. Mack

Federal Trade Commission

600 Pennsylvania Avenue, N.W.

Mail Drop NJ-2122

Washington, DC  20580

Tel:  (202) 326-2312

Fax: (202) 326-2558

Email:  jmack@ftc.gov
```

```
############################################################################
#
IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued
treasury regulations, we inform you that any U.S. tax advice contained in this
communication (including any attachments) is not intended or written by us, and
cannot be used by you, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another person any
transaction or matter addressed herein. For information about this legend, go to
http://www.manatt.com/circ230
############################################################################
#
```

FTC   10

012309 Email from Linda Goldstein.txt
From: Conte, Mary Ella [MConte@manatt.com] on behalf of Goldstein, Linda
[LGoldstein@manatt.com]
Sent: Friday, January 23, 2009 10:16 AM
To: Mack, Julie
Cc: Goldstein, Linda
Subject: BlueHippo

Dear Judy:

I did want to confirm to you that we are working on a compliance report
on behalf of our client BlueHippo. We apologize for the delay. As you
may know they have been involved in litigation on several fronts which
has put a strain on their limited resources.  We hope to have the report
to you within the next few weeks and I will keep you updated at the end
of next week.

Linda A. Goldstein, Esq.
Manatt Phelps & Phillips LLP
Seven Times Square
New York, New York  10036
Tel. 212-790-4544
Fax. 212-536-1811
lgoldstein@manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents,
files or previous e-mail messages attached to it, may contain
confidential information that is legally privileged. If you are not the
intended recipient, or a person responsible for delivering it to the
intended recipient, you are hereby notified that any disclosure,
copying, distribution or use of any of the information contained in or
attached to this message is STRICTLY PROHIBITED. If you have received
this transmission in error, please immediately notify us by reply e-mail
at lgoldstein@manatt.com or by telephone at (212) 790-4544, and destroy
the original transmission and its attachments without reading them or
saving them to disk. Thank you.


################################################################################
#
IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued
treasury regulations, we inform you that any U.S. tax advice contained in this
communication (including any attachments) is not intended or written by us, and
cannot be used by you, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another person any
transaction or matter addressed herein. For information about this legend, go to
http://www.manatt.com/circ230
################################################################################

FTC 11



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Julie A. Mack

Bureau of Consumer Protection
Division of Enforcement

Direct Dial (202) 326-2312
Facsimile (202) 326-2558
Email: JMACK@FTC.GOV

July 21, 2008

Via Electronic Mail lgoldstein@manatt.com
Via Facsimile Transmission - (212) 790-4545
Linda A. Goldstein, Esquire
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036

RE:    *FTC v. BlueHippo Funding, LLC, et al.*
       Case No. 08-cv-1819 (PAC) (S.D.N.Y. 2008)
       Compliance with Stipulated Judgment (April 10, 2008) (the "Order")

Dear Ms. Goldstein:

I am writing to notify you pursuant to Par. VII.B. of the Order of the Defendants' failure
to provide the FTC with an accurate listing of all Eligible Purchasers, as defined in the Order,
along with a sworn affidavit attesting to its accuracy.  The Order required your client to submit a
searchable electronic file (the "Consumer Database"), more specifically described and defined in
Par. VI.A. of the Order, containing the name and contact information of each Eligible Purchaser,
accompanied by a sworn affidavit attesting to its accuracy.

Our review of the Consumer Database and our consumer complaint files revealed that the
database omitted a number of consumers who should have been included in the list of Eligible
Purchasers.  Those consumers are:

| | |
|---|---|
| Oliver Bastardo | Debbie Burke |
| Lenora Venezia | Thomas Wiley |
| Clint and Lenore Valdez | Chuck Watkins |
| Alice Forth | Madeline Carmona |
| Calvin Tyler | Brian Shrewbury |
| Brenda Meza | Marvin McCalla |
| Joel Barrera | Gregory Thornton |
| Charlene Selby | Joann Lewis |

In addition, consumer Donald Freeman was incorrectly listed as Donald "Freedmon."

Please have your client amend the Consumer Database to include these purchasers and
provide the FTC with the updated listing.  If your client objects to including any

Linda A. Goldstein, Esquire
July 21, 2008
Page Two

consumer on this list, please provide the FTC with a written statement as to why they should be excluded. In addition, please ensure that the database is complete and provide the sworn affidavit attesting to its accuracy.

Your clients' failure to timely provide us with the sworn affidavit attesting to the accuracy of the Database is a violation of the Order and may subject your clients to a contempt action and a $5 million judgment. *See* Par. VII.B.1. of the Order. This is in addition to the failure to timely provide the required security interest and the failure to provide the Consumer Database, as set forth in previous correspondence.

Thank you for your prompt attention to this matter.

Very truly yours,

Julie A. Mack

FTC 12

**From:** Conte, Mary Ella [MConte@manatt.com] on behalf of Goldstein, Linda
[LGoldstein@manatt.com]
**Sent:** Wednesday, March 18, 2009 12:13 PM
**To:** Mack, Julie
**Cc:** Joe Rensin; ACampbell@edisonworldwide.com; Friedman, Clayton
**Subject:** Re: BlueHippo
Dear Julie,

This email will confirm our telephone conversation regarding the outstanding responses to the specific questions
raised in your letters as well as the furnishing of the compliance report.

As we discussed my client hopes to have the information responsive to the specific questions raised in your
letters by Friday, March 20, 2009. We will also furnish at that time an affidavit attesting to the accuracy of the
database provided to the FTC. We anticipate that it will take an additional two to three weeks to complete the full
compliance report.

We appreciate your continued patience in connection with this matter.

*Linda A. Goldstein, Esq.*
Manatt Phelps & Phillips LLP
Seven Times Square
New York, New York  10036
Tel. 212-790-4544
Fax. 212-536-1811
lgoldstein@manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential
information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are
hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY
PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at lgoldstein@manatt.com or by telephone
at (212) 790-4544, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we
inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written
by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another person any transaction or matter addressed herein. For information about this legend,
go to http://www.manatt.com/circ230