**manatt**
manatt | phelps | phillips

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: [27 Jul 2009]

Ronald G. Blum
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 830-7186
E-mail: rblum@manatt.com

July 20, 2009

Client-Matter: 29574-060

*[Handwritten endorsement:]* July 27, 2009

The request is denied until the corporate defendant retains new counsel which files a Notice of Appearance. The Court will further consider the matter at the hearing now scheduled for 8/4/2009.

So ordered
Paul Crotty
JSDJ

**MEMO ENDORSED**

BY E-MAIL

Hon. Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *FTC v. BlueHippo Funding, LLC, et al.*, 08-cv-1819 (PAC)

Dear Judge Crotty:

We represent defendants BlueHippo Funding, LLC and BlueHippo Capital, LLC (collectively, "BlueHippo"), in the above-referenced action, and write pursuant to Local Civil Rule 1.4 and Rule 3 of Your Honor's Individual Practices to request a pre-motion conference regarding my law firm's desire to move to withdraw as counsel to BlueHippo in this action. In the event a conference is not necessary, we request that the Court grant leave to Manatt to file the motion.

Manatt Phelps & Phillips LLP ("Manatt") seeks to withdraw as counsel because BlueHippo has failed to pay legal fees and expenses totaling more than $1 million, more than $200,000 of which relate to the FTC's investigation and litigation. The unpaid invoices are many months overdue, and Manatt has repeatedly attempted to resolve issues concerning outstanding fees with BlueHippo. Most recently, on June 10, 2009, the parties entered into a written agreement detailing a payment plan. BlueHippo failed to make the payments required by that agreement.

Manatt's motion to withdraw rests on the well-settled principle that "nonpayment of fees is a valid basis for granting counsel's motion to withdraw." *HCC, Inc. v. R H & M Machine Co.*, 1998 Dist. LEXIS 10977 at *2, No. 96 Civ. 4920, (S.D.N.Y. July 20, 1998). *See also, Spadola v. New York City Transit Auth.*, 2000 U.S. Dist. LEXIS 485, No. 00 Civ. 3262, (S.D.N.Y. January 16, 2002) (granting motion for leave to withdraw on the basis of non-payment of fees). Further, the New York Rules of Professional Conduct provide that an attorney may withdraw from representing a client when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees". 22 NYCRR §1200.16(c)(5).

7 Times Square, New York, New York  10036  Telephone: 212.790.4500  Fax: 212.790.4545

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.



**manatt**
manatt | phelps | phillips

Hon. Paul A. Crotty
July 20, 2009
Page 2

    Further, Manatt's withdrawal at this time will not unduly prejudice BlueHippo. The only outstanding obligation is that BlueHippo must produce documents to the FTC on July 27, 2009, pursuant to Your Honor's direction at the July 8, 2009 conference.

    Accordingly, we respectfully request that the Court schedule a pre-motion conference or, without holding a conference, allow Manatt to move to withdraw as counsel for BlueHippo.

                                             Respectfully submitted,

                                             Ronald G. Blum

RGB:bar

cc:    Andrew Campbell, Esq. (by email and first class mail)
       *General Counsel, BlueHippo Funding, LLC*

       Malini Mithal, Esq. (by email and first class mail)
       Laureen Kapin, Esq. (by email and first class mail)
       *Attorneys for Plaintiff*

80454249.1



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Laureen Kapin
Senior Attorney

Direct Dial:
(202) 326-3237

Fax:
(202) 326-2558

July 23, 2009

**VIA EMAIL**
The Honorable Paul A. Crotty
United States States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *FTC v. BlueHippo Funding, LLC, et al.*, Civ. No. 08cv1819 (PAC)

Dear Judge Crotty:

    The FTC is writing in response to Defendants' letter of July 20, 2009 notifying the Court of Defense Counsel's desire to withdraw from representing Defendants in the above-referenced matter. The FTC opposes any such motion until Defendants complete the compliance matters that remain outstanding. In particular, the Court has ordered Defendants to turn over compliance materials on July 27, 2009, and has scheduled a contempt hearing for August 4, 2009. As discussed below, withdrawal at this stage of the proceedings would thwart the effective administration of justice.

    As the Court is aware, the FTC filed two contempt action against Defendants, one on April 14, 2009 and one on June 23, 2009, prompted by Defendants' repeated failure to provide critical compliance information in violation of the Court's April 10, 2008 Stipulated Final Judgment and Order of Permanent Injunction ("Final Order"). This failure is especially troubling in light of the fact that in the nine months following entry of the Final Order, a mere 114 of the 37,787 consumers (0.3%) who ordered a computer from Defendants actually received one. The remaining 37,673 consumers paid Defendants hundreds of dollars for computers, but never received the computers they ordered.

    Given Defendants' poor record of compliance with the Final Order, the FTC is concerned that permitting Defendants' counsel to withdraw at this time would prejudice the efficient and timely administration of this matter, and more importantly, prejudice consumers by creating even more delays. As Defense Counsel has indicated, BlueHippo is a small operation that apparently lacks sufficient resources to timely comply with the FTC's requests. See April 16, 2009 Transcript at 19 ("our client is pretty much a one-man shop as far as the in-house

legal department goes and the volume of litigation that they've been involved with has made it very difficult to respond"). Indeed, it appears that Defense Counsel's assistance has been crucial to the limited compliance that Defendants' have been able to achieve thus far. Withdrawal at this juncture, prior to Defendants' submissions in response to several outstanding FTC requests, would likely further delay Defendants' submissions, which are already more than a month overdue. Moreover, such delays only further postpone the FTC's ability to analyze Defendants' order compliance and pursue remedies for injured consumers as necessary. At the very least, the Court should require Defense Counsel of Record to maintain its representation through the submission of the requested information and satisfactory response to any deficiencies raised by the FTC.

Given the above concerns, denial of the motion is appropriate. Both the Local Rules and the Rules of Professional Conduct indicate that an attorney of record may not withdraw from a case without leave of the Court. Local Civil Rule 1.4; New York Rules of Professional Conduct 1.16. The purpose of these rules is to ensure the effective administration of justice. As previously discussed, given Defendants' consistent recalcitrance, it would undermine the administration of justice to permit withdrawal at this time. Accordingly, the FTC opposes Defense Counsel's request to withdraw but does not oppose a pre-motion conference scheduled at the mutual convenience of the Court and the parties to discuss this matter further. The FTC respectfully suggests that if the Court is inclined to entertain Defendant's Withdrawal Motion, then it would be efficient to consider the motion during the hearing already scheduled for August 4, 2009.

Sincerely,

*Laureen Kapin*

Laureen Kapin
Senior Attorney, Division of Enforcement

cc:   Ronald Blum, Esq. (by e-mail)
      Linda Goldstein, Esq. (by e-mail)

2