

UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Amanda C. Basta
Bureau of Consumer Protection
Division of Enforcement
Phone: (202) 326-2340
Fax: (202) 326-3197
Email: abasta@ftc.gov

January 29, 2015

VIA ECF

The Honorable Paul A. Crotty
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Fed. Trade Comm'n v. BlueHippo Funding, LLC*, Civ. No. 08cv1819 (PAC)

Dear Judge Crotty:

    Pursuant to Individual Practice Rules 3.A and 3.D, I am writing on behalf of the Federal Trade Commission to request a pre-motion conference at the Court's earliest convenience in the above-reference matter. Specifically, the FTC is prepared to file a Motion for Entry of Judgment, or, in the Alternative, for Entry of a Finding that Contempt Defendants' Gross Revenues Are the Appropriate Compensatory Baseline.[1] The basis for that motion is as follows:

    In its order remanding the case for further adjudication, the Second Circuit directed the Court to resolve two narrow issues: 1) whether the elements necessary for the Court to apply the presumption of reliance have been met, and 2) if so, "whether defendants have proffered sufficient evidence demonstrating that the baseline consumer loss should be offset and by how much." *Fed. Trade Comm'n v. BlueHippo Funding, LLC,* 762 F.3d 238, 242-43 (2d Cir. 2014).

    The Second Circuit held that the presumption of reliance applies if: 1) the defendant made "material misrepresentations or omissions that 'were of a kind usually relied upon by reasonable and prudent persons,'" 2) "the misrepresentations were widely disseminated," and 3) "consumers actually purchased defendants products." *BlueHippo Funding,* 762 F.3d at 244 (collecting cases). The Court has already made all the factual findings necessary to determine that all three elements are met and, as a result, the presumption applies.

    Specifically, the first element is met because the Court found that Contempt Defendants failed to disclose material terms of their store credit refund policy. ECF 76 at 8; *see also*

---

[1] "Contempt Defendants" refer to defendants BlueHippo Funding, LLC, BlueHippo Capital LLC, and their owner, Joseph Rensin, collectively. BlueHippo Funding and BlueHippo Capital are in bankruptcy and did not participate in the contempt proceedings.

*BlueHippo Funding*, 762 F.3d at 246 (affirming that "[t]his information, if it had been revealed to consumers before they purchased computers from BlueHippo, in all likelihood would have influenced their purchasing decisions"). Moreover, the second and third elements are met because the Court has found that none of the 62,273 consumers who entered BlueHippo's financing and layaway programs received the required disclosure. ECF 76 at 4, 8; *BlueHippo Funding*, 762 F.3d at 246 (restating district court findings). Thus, the omissions were widely disseminated and consumers actually purchased Contempt Defendants' products.

Because the elements necessary to apply the presumption of reliance are met, Contempt Defendants' gross revenues are the appropriate compensatory baseline. *BlueHippo Funding*, 762 F.3d at 244-45. The Court found that Contempt Defendants took in $14,062,627.51 from 55,892 consumers who received nothing in return. ECF 76 at 4, 6; Trial Tr. at 255. The burden now shifts to Rensin to demonstrate any offsets that should be deducted from the gross revenues figure, *BlueHippo Funding*, 762 F.3d at 245-246, by showing that "*individual* transactions were atypical and resulted in lower than expected gains to the wrongdoer," *Fed. Trade Comm'n v. Bronson Partners, LLC*, 654 F.3d 359, 370 (2d Cir. 2011) (emphasis original).

Rensin should be foreclosed from presenting any additional offset evidence. Throughout this case, the FTC has argued that the presumption of reliance applies. *See* ECF 43 at 23-24; ECF 57 at 8-10; Trial Tr. at 358-360, 411-412. Rensin elected not to present offset evidence, instead arguing that the omitted terms were not material and that the FTC should be required to prove individual injury. ECF 72 at 6-8; Tr. at 380-382, 386-387. Where, as here, the failure to adduce evidence relating to a known issue is the result of a strategic choice, courts generally do not permit the introduction of additional evidence. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 146 F.3d 66, 73 (2d Cir. 1998) (affirming exclusion of additional evidence on remand where party knew of issue and "had ample opportunity at trial to develop a record and to present any evidence relevant" to it); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 723 (S.D.N.Y. 1997) ("A tactical decision not to [introduce evidence] which later seems disadvantageous is not a proper basis to reopen the record."). Accordingly, the Court should find that the presumption of reliance applies and enter judgment in the amount of $14,062,627.51.

Even if the Court were to permit Rensin to present additional offset evidence, Second Circuit precedent dictates that the evidence must relate specifically to the individual consumers who were injured by Contempt Defendants' deceptive omissions. *See Bronson Partners*, 654 F.3d at 369 (requiring defendant to show that individual transactions were atypical).

Nor can Rensin shift his burden back to the FTC. In his motion for panel rehearing before the Second Circuit, Rensin stated his intention to argue that if he presents *any* evidence that consumers did not actually rely on the deceptive omissions, the burden shifts back to the FTC to prove individualized harm. ECF 105 at 14-15, *Fed. Trade Comm'n v. BlueHippo Funding, LLC*, 11-0374-cv (2d Cir. Sept. 25, 2014). Rensin is wrong for three reasons.

First, the Second Circuit's opinion does not expressly permit Rensin to present evidence relating to the presumption itself. *See id.* ("The Court should clarify that petitioner has the opportunity to present evidence that would contravene the presumed fact – in this case, reliance – and not merely evidence that would show offsets to the calculation of gross receipts."); *see also*

*BlueHippo Funding*, 762 F.3d at 242-43, 246. The Second Circuit denied the petition without expanding the categories of evidence Rensin may present on remand. ECF 111, *Fed. Trade Comm'n v. BlueHippo Funding, LLC*, 11-0374-cv (2d Cir. Nov. 17, 2014).

      Second, shifting the burden back to the FTC would recreate the very problem the Second Circuit tried to solve – namely that requiring individualized proof of harm thwarts the FTC's ability to protect the victims of widespread deception. *See BlueHippo Funding*, 762 F.3d at 244; *see also McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir. 2000). Thus, even where courts permit defendants to introduce evidence that individual consumers did not rely on the misrepresentations to their detriment, they have not shifted the burden back to the FTC. Instead, they uniformly treat that evidence as individual offsets to gross revenues. *See, e.g., Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 766-67 (10th Cir. 2004) (en banc); *Fed. Trade Comm'n v. Amy Travel Serv., Inc.*, 875 F.2d 564, 572 (7th Cir. 1997); *Fed. Trade Comm'n v. Bronson Partners, LLC*, 674 F. Supp. 2d 373, 386 (D. Conn. 2009) (where presumption of reliance applies, evidence that "repeat customers did not rely on the deceptive advertising" would entitle defendants to an "offset against the restitutionary baseline" for sales made to those customers).

      Third, Rensin's argument misapprehends the nature of the presumption. The presumption is not that ***all*** consumers in the aggregate relied on the misrepresentation, but rather that ***each*** individual consumer relied on the misrepresentation. *See BlueHippo Funding*, 762 F.3d at 244 (collecting cases); *id.* at 245. Thus, evidence that a particular consumer did not rely on the misrepresentations rebuts the presumption only as to ***that consumer*** and not the tens of thousands of others who were subject to the same misrepresentation and are independently presumed to rely on it.

      Finally, even if offset evidence were to be permitted, Rensin should not be allowed to engage in further discovery. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493-94 (S.D.N.Y. 2011) (prohibiting further discovery where failure to develop the expert testimony was the result of a lack of diligence).[2] Accordingly, the Court should enter a finding that the presumption applies and that the Contempt Defendants' gross revenues are the appropriate compensatory baseline. From there, the Court should require Resin to file a brief within thirty (30) days presenting any additional evidence and arguments he has relating to offsets.[3]

                                                          Sincerely,

                                                          Amanda C. Basta

cc:    Martin Himeles, Jr., Esq. (counsel for Joseph Rensin)
       John D. McLaughlin, Jr., Esq. (counsel for George L. Miller, Ch. 7 Trustee for
           BlueHippo Funding, LLC and BlueHippo Capital, LLC)

---

[2] The *Bakalar* court also noted that "allowing new testimony would prejudice [the plaintiff], increase the already-substantial litigation costs, and further delay resolution of this litigation, now almost six years old." *Bakalar*, 851 F. Supp. 2d at 494. Here, we have the exact same situation.

[3] At this point, the FTC would have an opportunity to object to Resin's newly-developed evidence, and, if necessary, seek discovery to rebut such evidence.

3