

100 E. PRATT STREET  SUITE 2440
BALTIMORE, MD  21202-1031
410.332.0444   410.659.0436 fax   www.zuckerman.com

**MARTIN S. HIMELES, JR.**
410 949 1144
mhimeles@zuckerman.com

February 3, 2015

**VIA ECF**
Hon. Paul A. Crotty
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   FTC v. BlueHippo Funding LLC, et al., Civ. No. 08cv1819 (PAC)

Dear Judge Crotty:

On behalf of defendant Joseph Rensin, I write in response to Amanda Basta's letter of January 29, 2015, requesting a pre-motion conference for a contemplated "Motion for Entry of Judgment, [etc.]" (ECF 87.) As set forth in my letter today responding to the Court's request for a status report ("Status Letter"), we do not think the FTC's proposed motion can be reconciled with the Court of Appeals' decision and the proceedings to date. It is impossible to address fully in the limited space available the reasons the FTC's proposed motion lacks merit. But because Ms. Basta's letter argues in support of the proposed motion, we respond briefly.

We agree that the Court of Appeals remanded chiefly for resolution of two issues, but we do not agree that those issues are "narrow." First, the Court of Appeals held that the FTC is not entitled to a presumption of reliance unless it can establish that the defendants' omissions "were of a kind usually relied upon by reasonable prudent persons" – i.e., that they were material (as well as two other elements). As explained in my Status Letter, the Court of Appeals' decision can only mean that the FTC is required to *prove* materiality. *See* Status Letter at 1-2.[1] The new test established by the Court of Appeals is a substantial revision of the law as interpreted by the FTC and applied by the Court during the initial hearing, where the FTC argued for a presumption of *materiality*, not reliance, and the Court applied one, at least as to the online store misrepresentations. (Order, ECF 76, at 8 ("Information concerning cost . . . is presumed material.") (citing *FTC* v. *Crescent Publ'g Group*, 129 F. Supp. 2d 311, 321 (S.D.N.Y. 2001)). This presumption does not survive the Second Circuit's decision. *See* Status Letter at 1-2.

---

[1] The Court of Appeals commented in passing that the information omitted by BlueHippo, "if it had been revealed to consumers before they purchased computers from BlueHippo, in all likelihood would have influenced their purchasing decisions." 762 F.3d at 246. But the Court of Appeals clearly remanded for *this* Court to make a determination on the three elements necessary to establish a presumption of reliance. Indeed, the appellate court recognized that this Court's findings after the first hearing did not address its newly established standard. *See id*. at 246 (remanding because "the district court did not specifically address the issue" in the context of the Court's new standard). Had the Court believed that this Court's findings were sufficient to find that the FTC had met its burden and the presumption of reliance applied, it would not have remanded on that issue.

The FTC has the burden to meet the appellate court's new standard, and it will be unable to do so. We expect to show, through competent evidence and argument, that BlueHippo's failure to inform customers that store credits could not be used to pay tax and shipping charges in the online store, if there were such charges, and the limit to one online store item at a time, were *not* material – i.e., they were not of a kind usually relied upon by reasonable prudent persons. BlueHippo's omissions when describing its store credit policy are nothing like the misrepresentations at issue in the typical FTC case, where the defendant has provided false information about a product or service that the customer is actually purchasing, or its cost.

In this case, the FTC must prove that "reasonable prudent" BlueHippo customers likely would not have placed their orders had BlueHippo disclosed its store credit policies. The evidence will support our contention that disclosure of those policies would not have caused any customers to withhold their orders. This Court can resolve the parties' dispute on this issue only by hearing relevant evidence and argument.

The second issue that must be considered on remand – but only if the Court finds that the FTC has established the application of the presumption of reliance – is whether there are offsets to baseline damages. The Court of Appeals' decision explicitly allows defendant to introduce evidence concerning this issue. *Federal Trade Comm'n* v. *BlueHippo Funding, LLC*, 762 F.3d 238, 246 (2d Cir. 2014). Yet the FTC contends that defendant should be "foreclosed from presenting any additional offset evidence" on remand, ostensibly because defendant made a "strategic choice" not to introduce such evidence after the FTC argued "[t]hroughout this case" that "the presumption of reliance applies." (ECF 87, at 2.) The FTC's position is factually and legally incorrect. At the hearing (as opposed to post-hearing proceedings), the FTC made only a brief reference to a presumption of reliance during closing argument, in connection with the financing representations. Trial Tr. at 334. (The transcript page citations in the FTC's letter do not address the presumption of reliance.) Instead, the FTC argued that it had the burden "to present a reasonable approximation of the losses suffered by consumers as a result of defendant's violative practices." Tr. 348-49. The FTC further contended that "once the FTC comes forward with calculations that do reasonably approximate the amount of consumers' net losses, then the burden shifts to the defendant to show that the approximation just isn't accurate." *Id*. at 349. As it turned out, defendant had no reason to make a "strategic choice" on offset evidence during the initial hearing, because the FTC failed to meet its burden of establishing a reasonable approximation of damages.

The Court of Appeals has now established a new test, and on remand defendant must be permitted to present evidence relevant to that test. The FTC's case law is not to the contrary. Indeed, even the FTC's cases make clear that "[t]he decision whether to hear additional evidence on remand is within the sound discretion of the trial court judge." *International Star Class Yacht Racing* v. *Tommy Hilfiger USA, Inc*., 146 F.3d 66, 73 (2d Cir. 1998). Of course, that discretion only exists when the appellate court is silent on whether additional evidence should be taken on



remand. In this case, the Court of Appeals stated that, if the FTC meets its burden to establish that the presumption applies, "[t]he district court should then give the defendants the opportunity to rebut the determined baseline loss calculation, allowing them to 'put forth evidence showing that certain amounts should offset the sanctions assessed against them.'" 762 F.3d at 246. That statement is essentially a mandate to permit additional evidence.

We also disagree with the FTC's contention that the burden cannot shift back to the FTC if defendant introduces evidence to rebut a presumption of reliance. That is precisely what is required under Rule 301 of the Federal Rules of Evidence, as interpreted by the Court of Appeals. *ITC Ltd.* v. *Punchgini, Inc.*, 482 F.3d 135, 148 (2d Cir. 2007) (presumption "ceases to operate . . . upon the proffer of contrary evidence"). That the Court of Appeals declined to rule on Mr. Rensin's petition for rehearing on this point is not a ruling on the merits and has no jurisprudential significance. *Marshak* v. *Reed*, 229 F. Supp. 2d 179, 184 (E.D.N.Y. 2002) (collecting cases), *aff'd on other grounds*, 87 Fed. Appx. 208 (2d Cir. 2004); *Levy* v. *Sterling Holding Co.*, 544 F.3d 493, 499 n.5 (3d Cir. 2008). The Court of Appeals denied the petition without comment – declining even to address defendant's request that the Court correct a typographical error in its published opinion. (*See* ECF 105 at 9 n.2.)

The Court of Appeals did not state or imply that "evidence that a particular consumer did not rely on the misrepresentations rebuts the presumption only as to that consumer," as the FTC contends (ECF 87, at 3 (emphasis omitted)), and that is not what cases in other circuits hold. The FTC doubtless desires that standard, as it would require defendant to call tens of thousands of witnesses at trial, most of whom would be rebutting "damages" of a few hundred dollars or less. The FTC consistently overreaches concerning the impact of the presumption of reliance (if it applies), forgetting that presumptions do not shift the burden of persuasion, but only the burden of production.

Defendant respectfully requests that the Court set this matter in for an evidentiary hearing in which both parties have a fair opportunity to present evidence and argument relevant to the new standard formulated by the Court of Appeals. The FTC's request to file a motion for judgment is ill-advised and will only complicate and prolong these proceedings. A preferable procedure is set forth in my Status Letter, also filed today.

Respectfully submitted,

Martin S. Himeles, Jr.

cc: all counsel of record (via ECF)