UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FEDERAL TRADE COMISSION,

                *Plaintiff*,

    -*against*-

BLUEHIPPO FUNDING, LLC, et al.,

               *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-19-16

08 Civ. 1819 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 13, 2016, the FTC submitted a Proposed Final Judgment Imposing Compensatory Contempt Sanctions. Two days later, Defendant Joseph Rensin filed written objections. Dkt. 136. The Court adopts the Proposed Final Judgment (with a few typographical corrections), since it is an accurate recitation of the procedural history and the Court's oral order of April 6, 2016, which resolved all open disputes. Rensin's objections are denied as meritless.

Rensin asserts that the Court is not complying with the mandate of the Second Circuit and that he is being "deprived of due process." Dkt. 136 at 2. On August 12, 2014, the Second Circuit held that if this Court found that the presumption of consumer reliance applies (which it later did), then the Court should give Rensin "the opportunity to rebut the determined baseline loss calculation, allowing [him] to put forth evidence showing that certain amounts should offset the sanctions assessed against [him]." *FTC v. BlueHippo Funding, LLC*, 762 F.3d 238, 246 (2d Cir. 2014) (internal quotations marks omitted).

Contrary to the implication of Rensin's objections, the Second Circuit did not grant him a right to put forth evidence (and take discovery) for its own sake and without limit. Rather, he

1

was allowed do so only in compliance with Fed. R. Civ. P. 26(b) and where necessary to "show[] that certain amounts should offset the sanctions assessed against [him]." *Id.*

On December 11, 2015, Rensin proffered four categories of proposed offsets: (i) consumers who ordered merchandise other than computers; (ii) cash refunds; (iii) payments to settle state enforcement actions; and (iv) consumers residing in states where no fees were charges. Dkt. 107. *First*, Rensin abandoned an offset for consumers who ordered non-computer merchandise. *Second*, the parties agreed on the proper offset for cash refunds, rendering discovery on this category unnecessary. *Third*, at the Court's urging, the FTC conceded the full amount that Rensin sought in state settlement payments, rendering discovery unnecessary for that category. *Fourth*, the Court denied Rensin's motion to seek discovery to support his assertion that there were some states in which no consumers were charged fees as speculative and irrelevant, in violation of Fed. R. Civ. P. 26(b)(1). *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("While Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests on pure speculation that amount to nothing more than a 'fishing expedition.'").

Since discovery into all of Rensin's proposed offsets is either unnecessary or improper, entry of final judgment is warranted. Rensin has made his showing of proposed offsets; there is no denial of due process. The Court directs the Clerk to enter the attached Final Judgment and terminate 08 cv 1819.

Dated: New York, New York  
      April 19, 2016

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge